PEOPLE ex rel. HANOVER INS. CO. *v.* COLEMAN. 47

FIRST DEPARTMENT, MARCH TERM, 1887.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE HANOVER FIRE INSURANCE COMPANY, RESPONDENT, *v.* MICHAEL COLEMAN AND OTHERS, COMMISSIONERS OF TAXES AND ASSESSMENTS, APPELLANTS.

*Assessment of national bank stock — separate rolls cannot be used as a means of discriminating against it.*

For the purpose of taxing the personal property of the relator the appellants, the commissioners of taxes and assessments of the city of New York, assessed the value of its capital stock and surplus at $1,459,447, and the deduction for exemptions, to which it was by law entitled, at $1,734,851, which exceeded the value of its capital and surplus. The commissioners also assessed, upon separate assessment-rolls relating to national bank stock, national bank stocks owned by such company (such national bank stocks having been included in the valuation of the capital stock and surplus of the relator, and being stated, in the list of exemption prepared ·by the commissioners, to be of the value of $19,425) and declined to allow any deduction or exemption therefrom. *Held*, that as the national bank shares went to make up the value of the capital stock and were included in its valuation, and as after the deductions and exemptions allowed by law had been made the corporation was not liable to taxation upon its personal property, such national bank stock was not liable to taxation and could not be assessed without a violation of the Federal statute.

APPEAL from an order of the Special Term cancelling an assessment of personal property.

*George S. Coleman*, for the appellants.

*S. B. Brownell*, for the respondent.

VAN BRUNT, P. J.:

The respondent upon this appeal is a corporation doing business in the city of New York, and was assessed for the purposes of taxation by the appellants herein. For the purposes of such taxation the appellants assessed the value of the capital stock and surplus of the company at $1,459,447, made up as follows:

Capital at par ........................................ $1,000,000
Surplus .............................................. 459,447

    Total............................................. $1,459,447

The appellants then found that the respondents were entitled to the following exemptions :

| | |
|---|---:|
| United States bonds | $1,570,926 |
| Amount invested in other corporations taxable on their capital stock | 44,500 |
| Ten per cent upon capital | 100,000 |
| Value of national bank shares held by company | 19,425 |
| Total | $1,734,851 |

Being more than the value of the capital and surplus. The commissioners also assessed, upon separate assessment-rolls, relating to national bank stocks, the national bank stock of the company and declined to allow any exemptions and deductions. Upon *certiorari* such assessment was set aside, and from the order thereupon entered this appeal is taken. It would seem that the tax commissioners have the right to assess national bank shares upon separate rolls (*McMahon* v. *Palmer*, 102 N. Y., 176), but the use of separate rolls cannot be made a means of discrimination against national bank shares. The personal property of the respondent is assessable in the manner prescribed by law, and for the purpose of taxation the law has provided that the value of the capital stock, after making the deductions and exemptions provided by law, shall be the personal property upon which a corporation shall be assessed. For the purpose, in the case at bar, of ascertaining the value of the respondent's capital stock, the appellants took the capital stock at par and added thereto the surplus, which two items embraced all the assets of the company, and upon making the deductions and exemptions allowed by law, no residue remained for taxation. In the capital and surplus this bank stock was included as part of the assets, and thus included there was an excess of deductions and exemptions. Now, by deducting this bank stock from the capital and surplus and putting it upon a separate list, it cannot be made, under such circumstances, the subject of taxation. This would be making a discrimination against national bank shares in contravention of the Federal statute. No other class of personal property could be made in this way a subject for taxation, and therefore, national bank stock

cannot, by any such process, be withdrawn from the exemptions and deductions allowed to other personal property. The appellants having determined the value of the respondents capital stock for the purposes of assessment, the court cannot, upon this appeal, review that determination but must ascertain the rights of the parties upon that basis of valuation, the company not being an appellant or complaining of such valuation. The only question being whether that value being given to the capital stock, for the purposes of taxation, these bank shares could be taxed in addition. It appearing, as has been stated, that such national bank shares went to make up the value of said capital stock, and were included in its valuation, and that after the deductions and exemptions allowed by law the corporation was not liable to taxation upon its personal property, such national bank stock was not liable to taxation and could not be assessed without violation of the Federal statute.

The order appealed from must be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Order affirmed, with costs.